IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Wendee M. Lester,                          :

      Plaintiff-Appellant,              :              No. 25AP-648
                                                                    (C.P.C. No. 25DR-1017)
v.                                         :
                                                              (ACCELERATED CALENDAR)
Robert J. Lester,                          :

      Defendant-Appellee.              :

---

D E C I S I O N

Rendered on July 16, 2026

---

**On brief:** *Grossman Law Offices*, and *John H. Cousins*, *IV*, for appellant. **Argued:** *John H. Cousins IV*.

**On brief:** *Haynes Kessler Myers & Postalakis*, and *Jacqueline Baumann*, for appellee. **Argued:** *Jacqueline Baumann*.

---

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

EDELSTEIN, J.

{¶ 1} Plaintiff-appellant, Wendee M. Lester, appeals from a judgment entry of the Franklin County Court of Common Pleas, Division of Domestic Relations, granting the motion to dismiss of defendant-appellee, Robert J. Lester. For the following reasons, we reverse.

## I. Facts and Procedural History

{¶ 2} Wendee and Robert were married on November 9, 2010. The parties resided in Franklin County from 2013 until June 2024 when they moved to Perry County. (Aug. 11, 2025 Tr. 3.)

{¶ 3} On April 1, 2025, Wendee filed a complaint for divorce in Franklin County. The complaint alleged Robert conducted activity that gave rise to the claim for relief in Franklin County, that Franklin County is the county in which all or part of the claim for relief arose, and that Robert's principal place of business was in Franklin County. (Compl. at ¶ 2-4.) Wendee requested service by process server on April 3, 2025 and initiated certified mail service on April 8, 2025.

{¶ 4} On April 7, 2025, after Wendee filed her complaint in Franklin County, Robert filed his own complaint for divorce in Perry County. (Perry C.P. No. 25DR-87.) Wendee filed a motion to dismiss the Perry County case on May 8, 2025, asserting the jurisdictional-priority rule deprived the Perry County court of authority to proceed because she had already perfected service in the Franklin County case. Robert admitted the Franklin County complaint was the first to be filed and the first to have service perfected. (Memo Contra at 6.) Nonetheless, he argued the jurisdictional-priority rule did not apply because Franklin County was not a proper venue. (Memo Contra at 6.)

{¶ 5} On May 23, 2025, the Perry County court issued an order denying Wendee's motion to dismiss. (Perry C.P. No. 25DR-87.) The Perry County court did not specifically address the jurisdictional-priority rule, but it determined venue was proper in Perry County and improper in Franklin County under Civ.R. 3(C)(9) because Wendee did not reside in Franklin County for the 90 days prior to filing her complaint in Franklin County. (Perry C.P. No. 25DR-87.) Wendee filed a motion to set aside the May 23, 2025 order in the Perry County case, followed by a petition for a writ of prohibition in the Fifth District Court of Appeals. The Fifth District ultimately dismissed the writ as moot after the Perry County court placed the case on its inactive docket pending the outcome of the instant appeal and concluded, alternatively, that Wendee had an adequate remedy at law by way of her appeal to this court. *State ex rel. Lester v. Boyer*, 2025-Ohio-4430 (5th Dist.).

{¶ 6} On June 4, 2025, Robert filed a motion to dismiss the Franklin County case pursuant to Civ.R. 12(B)(2) and (3). Robert argued Franklin County was an improper venue under Civ.R. 3(C)(9). Wendee filed a memorandum in opposition, and the trial court conducted an oral argument on Robert's motion on August 11, 2025.

{¶ 7} On August 12, 2025, the trial court issued a judgment entry granting Robert's motion to dismiss. The trial court determined Franklin County was not the proper venue

for the divorce proceedings, noting both parties reside in Perry County and had resided there for at least 90 days immediately preceding Robert's filing of the Perry County complaint. Specifically, the trial court determined:

> This court does not find that Civil Rule 3(C)(9) is an exclusive means to determine venue in all civil cases. However, when it is the basis for competing Complaints for Divorce, and following its directive does not create a scenario that is unfair to one party or the other, Civil Rule 3(C)(9) should be the controlling provision.

(Aug. 12, 2025 Jgmt. Entry at 2.) Thus, the trial court granted Robert's motion to dismiss Wendee's Franklin County complaint for divorce and stated "[t]he parties shall proceed with the Complaint for Divorce action filed in Perry County, Ohio." (Aug. 12, 2025 Jgmt. Entry at 2.) Wendee timely appeals.

## II. Assignment of Error

{¶ 8} Wendee raises the following sole assignment of error for our review:

> The trial court erred and abused its discretion by purporting to dismiss the divorce for improper venue, by declaring the ninety-day residency provision in Civ.R. 3(C)(9) "controlling" over the venue bases actually invoked by Appellant, and by entering a judgment that both dismissed the action and simultaneously ordered the parties to proceed in another county, despite the jurisdictional-priority rule.

## III. Analysis

{¶ 9} In her sole assignment of error, Wendee argues the trial court erred in granting Robert's motion to dismiss. Though Robert purported to file his motion to dismiss for lack of personal jurisdiction pursuant to Civ.R. 12(B)(2) and improper venue pursuant to Civ.R. 12(B)(3), Robert's arguments and the trial court's ultimate dismissal related only to improper venue. Thus, the question presented in this appeal is whether the trial court erred in granting Robert's motion to dismiss based on improper venue.

{¶ 10} "Venue and jurisdiction are distinct legal concepts." *Ellison v. K 2 Motors, L.L.C.*, 2023-Ohio-1871, ¶ 30 (10th Dist.). Generally, an appellate court reviews a trial court's decision to change venue for an abuse of discretion. *State ex rel. Mun. Constr. Equip. Operators' Labor Council v. Ohio State Emp. Relations Bd.*, 2015-Ohio-5001, ¶ 45 (10th Dist.), citing *Robertson v. Ohio Adult Parole Auth.*, 2002-Ohio-4303, ¶ 22 (10th

Dist.). An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983); *State ex rel. Deblase v. Ohio Ballot Bd.*, 2023-Ohio-1823, ¶ 27. Here, however, the trial court did not transfer venue to Perry County but dismissed the action and directed the parties to proceed with the separate, later-filed action in Perry County. The trial court reached its decision after determining Civ.R. 3(C)(9) is "the controlling provision" for determining proper venue. (Aug. 12, 2025 Jgmt. Entry at 2.) Thus, this appeal involves the interpretation and application of Civ.R. 3(C), which is a question of law we review de novo. *Anderson v. Bright Horizons Children's Ctrs., L.L.C.*, 2022-Ohio-1031, ¶ 89 (10th Dist.), citing *Gumins v. Ohio Dept. of Rehab. & Corr.*, 2011-Ohio-3314, ¶ 11 (10th Dist.). ("Interpretation of the Civil Rules of Procedure presents a question of law, which we consider de novo.").

{¶ 11} As relevant here, Civ.R. 3 provides:

> **(C) Venue: Where proper.** Any action may be venued, commenced, and decided in any court in any county. . . . Proper venue lies in any one or more of the following counties:
>
> (1) The county in which the defendant resides;
>
> (2) The county in which the defendant has his or her principal place of business;
>
> (3) A county in which the defendant conducted activity that gave rise to the claim for relief;
>
> . . .
>
> (5) A county in which the property, or any part of the property, is situated if the subject of the action is real property or tangible personal property;
>
> (6) The county in which all or part of the claim for relief arose;
>
> . . .
>
> (9) In actions for divorce, annulment, or legal separation, in the county in which the plaintiff is and has been a resident for at least ninety days immediately preceding the filing of the complaint;
>
> . . .

**(D) Change of venue.**

(1) When an action has been commenced in a county other than stated to be proper in division (C) of this rule, upon timely assertion of the defense of improper venue as provided in Civ.R. 12, the court shall transfer the action to a county stated to be proper in division (C) of this rule.

(Emphasis in original.)

{¶ 12} As we have previously explained, venue is proper when the plaintiff chooses a court located in *any* county that satisfies the requirements of the first ten provisions of Civ.R. 3(C). *Mun. Constr. Equip. Operators' Labor Council*, 2015-Ohio-5001, at ¶ 43 (10th Dist.). Importantly, "[t]hese provisions have equal status, and a plaintiff may choose among them with unfettered discretion." *Id.*, citing *Soloman v. Excel Marketing, Inc.*, 114 Ohio App.3d 20, 25 (2d Dist. 1996), citing *Morrison v. Steiner*, 32 Ohio St.2d 86, 89 (1972). Thus, Civ.R. 3(C) does not restrict a plaintiff to one specific county but permits a plaintiff to choose the county where the plaintiff prefers to commence the action. *Matthews v. D'Amore*, 2006-Ohio-5745, ¶ 57 (10th Dist.), quoting *Berarducci v. State Teachers Retirement Sys.*, 21 Ohio App.3d 195, 197 (11th Dist. 1984) (further citations omitted).

{¶ 13} In her complaint, Wendee asserted venue was proper in Franklin County pursuant to Civ.R. 3(C)(2), (3), and (6). (Compl. at ¶ 2-4.) In response to Robert's motion to dismiss, Wendee provided the court with documentation demonstrating Robert conducted activity that gave rise to the claim in Franklin County, all or part of the claim arose in Franklin County, and Robert's principal place of business was or remains in Franklin County. Nonetheless, the trial court determined Civ.R. 3(C)(9) should control because it is specific to divorce, annulment, and legal separation actions. (Jgmt. Entry at 2.) Robert argues the trial court was correct to give priority to Civ.R. 3(C)(9) in determining whether Franklin County is a proper venue because the inclusion of prefatory language in the subsection demonstrates an intent to exclude the other venue subsections in actions for divorce, annulment, and legal separation. We disagree.

{¶ 14} This court has previously considered the issue of whether Civ.R. 3(C)(9) takes priority in determining proper venue in a divorce proceeding. In *Fuller v. Fuller*, 32 Ohio App.2d 303 (10th Dist. 1972), we held that while Civ.R. 3(C)(9) expanded venue in divorce

actions, it nevertheless coexists with other enumerated alternatives in the rule and is not a limitation on the other subsections.[1] *Fuller* at 307. Specifically, we stated:

> Civil Rule 3([C]) expressly provides that proper venue lies in any county in which the venue requirements of any one of subsections (1) through (9) of Rule 3([C]) apply. In other words, ***there may be more than one county in which there is proper venue of an action***. . . . Subsection (9) of Civil Rule 3([C]) is not a limitation upon any of the first eight subsections thereof. Rather, subsection (9), like subsection (10), sets forth the only circumstances in which the county where the plaintiff resides can constitute a county where proper venue lies and, consequently, where the defendant can be served with process in this state.

(Emphasis added.) *Fuller* at 306. Thus, this court has previously considered and rejected Robert's argument that Civ.R. 3(C)(9) takes priority in divorce actions to render venue improper under the remaining subsections of Civ.R. 3(C).

{¶ 15} Following our precedent in *Fuller*, and in accordance with the body of authority explaining that the subsections of Civ.R. 3(C) have equal status, we find the trial court erred in determining Civ.R. 3(C)(9) is controlling in actions for divorce. Though Civ.R. 3(C)(9) provides one option for proper venue in a divorce action, it is not the exclusive means to determine proper venue in a divorce action. Instead, so long as venue is proper under another of the enumerated subsections of Civ.R. 3(C), the plaintiff in a divorce action may choose the proper venue he or she prefers. *Mun. Constr. Equip. Operators' Labor Council*, 2015-Ohio-5001, at ¶ 43 (10th Dist.); *Matthews* at ¶ 57; *Fuller* at 307 ("We conclude that [Civ.R. 3(C)] has expanded venue in divorce actions and that, where proper jurisdictional requirements are met, a divorce action may be brought in the county in which the defendant resides, as well as the county in which the claim for relief arose, or the county in which the plaintiff has resided for ninety days.").

{¶ 16} In focusing its analysis solely on Civ.R. 3(C)(9) and erroneously concluding that subsection was controlling, the trial court failed to consider whether Franklin County is otherwise a proper venue. As noted above, Wendee asserted venue is proper in Franklin County pursuant to Civ.R. 3(C)(2), (3), and (6) and provided documentation in support of

---

[1] *Fuller* discusses former Civ.R. 3(B)(9), since renumbered to Civ.R. 3(C)(9).

her argument. Accordingly, we must remand the matter for the trial court to determine, in the first instance, whether venue is proper in Franklin County under any of the raised subsections of Civ.R. 3(C).

{¶ 17} The parties do not dispute that Wendee both filed her action for divorce in Franklin County first and obtained service of process on Robert in Franklin County before Robert obtained service of process on her in his Perry County action for divorce. Thus, if the trial court determines venue is proper in Franklin County, the trial court must proceed with the action pursuant to the jurisdictional-priority rule. *State ex rel. Consortium for Economic & Community Dev. for Hough Ward 7 v. Russo*, 2017-Ohio-8133, ¶ 8, citing *State ex rel. Dunlap v. Sarko*, 2013-Ohio-67, ¶ 9 and *State ex rel. Lee v. Trumbull Cty. Probate Court*, 83 Ohio St.3d 369, 374 (1998) ("The jurisdictional-priority rule provides that as between state courts of concurrent jurisdiction, the tribunal whose power is first invoked acquires exclusive jurisdiction to adjudicate the whole issue and settle the rights of the parties," and "[w]hen it applies, the judge in the second case patently and unambiguously lacks jurisdiction by operation of the rule."); *Swearingen v. Swearingen*, 2005-Ohio-6809, ¶ 15 (10th Dist.) (priority is determined based on where service of process is first successfully accomplished).

{¶ 18} If, on the other hand, the trial court determines venue is not proper in Franklin County under any of the raised subsections of Civ.R. 3(C), the proper remedy is not dismissal of the action but transfer to a proper county. Civ.R. 3(D)(1) (emphasis added) (where an action is commenced in an improper venue, upon timely assertion of the defense of improper venue, "the court ***shall transfer*** the action to a county stated to be proper in division (C) of this rule"); *Ellison*, 2023-Ohio-1871, at ¶ 33 (10th Dist.) ("In conjunction with Civ.R. 12(B), Civ.R. 3(D)(1) creates a mechanism for a defendant to raise the defense of improper venue and to have the action transferred to a county that is described as proper under Civ.R. 3(C)"); *Fyffe v. Dept. of Rehab. & Corr.*, 1993 Ohio App. LEXIS 4723, *8 (10th Dist. Sept. 30, 1993) ("Though the trial court dismissed the individual claims against these employees without prejudice, the proper procedure under [Civ.R. 3(D)] when improper venue is laid is to transfer the action to the proper county stated in [Civ.R. 3(C)]."); *Fuller*, 32 Ohio App.2d at 308 ("There is no provision for the dismissal of an action because of improper venue.").

**{¶ 19}** Because the trial court erred in finding Civ.R. 3(C)(9) to be controlling and failing to determine whether Franklin County is otherwise a proper venue, we conclude the trial court erred in dismissing Wendee's complaint for divorce. Accordingly, we sustain Wendee's sole assignment of error, reverse the decision of the trial court, and remand for further proceedings.

## IV. Disposition

**{¶ 20}** Based on the foregoing reasons, the trial court erred in determining Civ.R. 3(C)(9) was controlling over the other subsections of Civ.R. 3(C) and in dismissing Wendee's complaint for divorce on that basis. Having sustained Wendee's sole assignment of error, we reverse the decision of the Franklin County Court of Common Pleas, Division of Domestic Relations, and remand the matter to that court for further proceedings in accordance with law and consistent with this decision.

*Judgment reversed;*
*cause remanded.*

LELAND and DINGUS, JJ., concur.

_____